## Case No. 14,967.

### UNITED STATES v. DIXEY et al.

[3 Wash. C. C. 15.] [1]

Circuit Court, D. Pennsylvania. April Term, 1811.

EMBARGO BOND — EXCUSE FOR NONPERFORMING VOYAGE—PUTTING INTO FOREIGN PORT —SEAWORTHINESS.

Want of seaworthiness, in a vessel sailing under a bond given according to the provisions of the embargo law, may or may not, according to circumstances, deprive the obligee of the excuse of prevention from performing the voyage, by the perils of the sea. If the vessel be lost before she arrive at her port of destination, or at another port in the United States, the obligors would be excused, whether she was seaworthy or not. If the vessel proceeded to a foreign port, from want of seaworthiness, it may afford strong presumption that it was not the real cause of her so doing, but that a breach of the condition was originally intended.

Action on an embargo bond. The question of law, was, whether the want of seaworthiness of the vessel, does not deprive the obligor of the benefit of the excuse of prevention, by danger of the sea, or other unavoidable accident. The voyage was from Philadelphia to New-Orleans; and in consequence of the disabled state of the vessel, she was obliged to put into Havana, whence the defendant [Dixey, Coxe & Price] was not permitted by the governor to take away the cargo.

In the charge, it was stated that want of seaworthiness might or might not have this effect. The case is to be considered in reference to the object and intention of the law, which was, to prevent a vessel going to a foreign port. If, for instance, the vessel should be lost before she reaches the port of her destination, or any other port in the United States, it would not deprive the obligor of the benefit of the exception of loss by a peril of the sea, to prove that she was not seaworthy. If she should go to a foreign port, though in consequence of a peril of the

[1] [Originally published from the MSS. of Hon. Bushrod Washington, Associate Justice of the Supreme Court of the United States, under the supervision of Richard Peters, Jr., Esq.]

sea operating as the immediate cause, the want of seaworthiness might or might not be important, according to circumstances. It may afford strong ground of suspicion, that the avowed destination was not bona fide, and that the excuse was a mere cover to a breach of the law; as if the vessel is not sufficiently provisioned for the avowed voyage, and on that account, called at a forbidden port. But this intention may be repelled. In this case, the voyage was one which the defendant was accustomed to carry on, and which had been performed to New-Orleans only the year before, in the same vessel. It is very improbable, that he would risk so large a cargo in a vessel which he did not deem sufficient to carry it safely, and he could not calculate her condition so nicely, as to think her sufficient to go to Havana, and not to New-Orleans. Besides, the immediate cause of her incapacity to proceed, arose from her striking on the Bahama Bank. The question is, was the breach of the condition of the bond produced by a peril of the sea, or unavoidable accident—or merely from the fault of the defendant? If the former, the verdict should be for the defendant, if the latter, against him.

Verdict for defendant.